# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS LEVELT CASTEEL, | Case No. 1:20-cv-00781-DAD-EPG |
| Plaintiff, | ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED |
| v. | |
| ESTHER VON SLUEPTH, et al., | |
| Defendants. | |

**I.**

**BACKGROUND**

Plaintiff Carlos Levelt Casteel is currently detained at the Lerdo Pre-Trial Facility in Bakersfield, California. (ECF No. 1 at 1).[1] On June 4, 2020, Plaintiff commenced the instant proceeding by filing a complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1).

In the complaint, Plaintiff seeks dismissal of his state criminal proceeding under the theory of vindictive prosecution, or in the alternative, a writ of prohibition to prevent the Kern County Superior Court from taking further proceedings on the criminal information filed. (ECF No. 1 at 3).

///

///

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

## II.

## DISCUSSION

### A.  Habeas Corpus

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, and a complaint under the Civil Rights Act of 1871. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action. Some cases are hybrids, with a prisoner seeking relief unavailable in habeas, notably damages, but on allegations that not only support a claim for recompense, but imply the invalidity either of an underlying conviction or of a particular ground for denying release short of serving the maximum term of confinement.

Muhammad v. Close, 540 U.S. 749, 750–51 (2004) (citations omitted).

"In cases where a prisoner's section 1983 complaint evince[s] a clear intention to state a habeas claim, [the Ninth Circuit has] said that the district court should treat the complaint as a habeas petition." Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (citing Padilla v. Ackerman, 460 F.2d 477, 478 (9th Cir. 1972); Bennett v. Allen, 396 F.2d 788, 790 (9th Cir. 1968)). "When the intent to bring a habeas petition is not clear, however, the district court should not convert a defective section 1983 claim into a habeas petition." Trimble, 49 F.3d at 586.

Here, Plaintiff seeks dismissal of his state criminal proceeding under the theory of vindictive prosecution, or in the alternative, a court order preventing the Kern County Superior Court from taking further proceedings on the criminal information filed. (ECF No. 1 at 3). As the complaint evinces a clear intention to state a habeas claim, the Court will treat the complaint as a habeas petition pursuant to 28 U.S.C. § 2241.[2]

///

///

---

[2] "'[T]he general grant of habeas authority in § 2241 is available for challenges by a state prisoner who is not in custody pursuant to a state court judgment – for example, a defendant in pre-trial detention or awaiting extradition." Dominguez v. Kernan, 906 F.3d 1127, 1135 (9th Cir. 2018) (internal quotation marks omitted) (quoting White v. Lambert, 370 F.3d 1002, 1006 (9th Cir. 2004)). To the extent that Plaintiff seeks a "writ of prohibition," the Court is not aware of any authority, and Plaintiff does not provide any authority, under which this Court has jurisdiction to issue a writ of prohibition. Cf. Cal. Code Civ. Proc. §§ 1102 et seq. (providing for issuance of writ of prohibition in California state courts). To the extent that Plaintiff seeks a writ of mandamus, the "federal courts are without power to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties . . . ." Clark v. Washington, 366 F.2d 678, 681 (9th Cir. 1966). See also Davis v. Lansing, 851 F.2d 72, 74 (2d Cir. 1988) ("The federal courts have no general power to compel action by state officials . . . .").

Rule 4 of the Rules Governing Section 2254 Cases[3] requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

## B. Exhaustion

"As a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012) (citations omitted). The exhaustion requirement is subject to waiver in § 2241 proceedings if pursuing available remedies would be futile. Id.

> Where a petitioner seeks pre-conviction habeas relief, this exhaustion prerequisite serves two purposes: (1) to avoid isolating state courts from federal constitutional issues by assuring those courts an ample opportunity to consider constitutional claims; and (2) to prevent federal interference with state adjudication, especially state criminal trials. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973). The Court in Braden reaffirmed the established rule that federal adjudication of an affirmative defense prior to a state criminal trial violated the second of these two purposes and was thus prohibited by principles of comity unless the petitioner could show that "special circumstances" warranted federal intervention. *Id.* at 489, 93 S.Ct. at 1126.

Carden v. Montana, 626 F.2d 82, 83 (9th Cir. 1980) (footnote omitted).

The exhaustion requirement is satisfied by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971). If Plaintiff has not sought relief in the California Supreme Court for the claims that he raises in the instant petition, the Court will not proceed to the merits of those claims unless special circumstances warrant federal intervention. It appears that Plaintiff has not presented any claims to the California Supreme Court. (ECF No. 1 at 2).[4] It is possible, however, that Plaintiff has presented his claims to the California Supreme Court and failed to

---

[3] The Rules Governing Section 2254 Cases apply to § 2241 habeas petitions. See Rule 1(b) of the Rules Governing Section 2254 Cases ("The district court may apply any or all of these rules to a habeas corpus petition not covered by" 28 U.S.C. § 2254.).

[4] Page numbers refer to the ECF page numbers stamped at the top of the page.

indicate this to the Court. Thus, Plaintiff must inform the Court whether his claims have been presented to the California Supreme Court, and if possible, provide the Court with a copy of the petition filed in the California Supreme Court that includes the claims now presented and a file stamp showing that the petition was indeed filed in the California Supreme Court.

**III.**

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Plaintiff SHALL SHOW CAUSE why the petition should not be dismissed for failure to exhaust state court remedies within **THIRTY (30) days** from the date of service of this order.

Plaintiff is forewarned that failure to follow this order may result in dismissal of the petition pursuant to Federal Rule of Civil Procedure 41(b) (failure to prosecute or to comply with a court order may result in a dismissal of the action).

IT IS SO ORDERED.

Dated:   **August 20, 2020**          /s/ Erica P. Grosjean
                                      UNITED STATES MAGISTRATE JUDGE