# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS LEVELT CASTEEL,<br><br>Plaintiff,<br><br>v.<br><br>ESTHER VON SLUEPTH, et al.,<br><br>Defendants. | Case No. 1:20-cv-00781-DAD-EPG<br><br>FINDINGS AND RECOMMENDATION TO CONVERT § 1983 COMPLAINT TO § 2241 PETITION FOR WRIT OF HABEAS CORPUS AND TO DISMISS PETITION WITHOUT PREJUDICE |

Carlos Levelt Casteel ("Petitioner") is currently detained at the Lerdo Pre-Trial Facility in Bakersfield, California, and commenced the instant proceeding by filing a complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1 at 1).[1] For the reasons set forth herein, the undersigned recommends converting the § 1983 complaint to a § 2241 petition for writ of habeas corpus and dismissing the petition without prejudice based on abstention and exhaustion grounds.

## I.

## BACKGROUND

On June 4, 2020, Petitioner commenced the instant proceeding by filing a complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1). In the complaint, Petitioner seeks dismissal of his state criminal proceeding under the theory of vindictive prosecution, or in the alternative, a writ

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

of prohibition to prevent the Kern County Superior Court from taking further proceedings on the criminal information filed. (ECF No. 1 at 3).

On August 20, 2020, the Court ordered Petitioner to show cause why the petition should not be dismissed for failure to exhaust state court remedies. (ECF No. 3). On September 2, 2020, Petitioner filed his response to the order to show cause. (ECF No. 4).

## II.

## DISCUSSION

### A. Habeas Corpus

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, and a complaint under the Civil Rights Act of 1871. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action. Some cases are hybrids, with a prisoner seeking relief unavailable in habeas, notably damages, but on allegations that not only support a claim for recompense, but imply the invalidity either of an underlying conviction or of a particular ground for denying release short of serving the maximum term of confinement.

Muhammad v. Close, 540 U.S. 749, 750–51 (2004) (citations omitted).

"In cases where a prisoner's section 1983 complaint evince[s] a clear intention to state a habeas claim, [the Ninth Circuit has] said that the district court should treat the complaint as a habeas petition." Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (citing Padilla v. Ackerman, 460 F.2d 477, 478 (9th Cir. 1972); Bennett v. Allen, 396 F.2d 788, 790 (9th Cir. 1968)). "When the intent to bring a habeas petition is not clear, however, the district court should not convert a defective section 1983 claim into a habeas petition." Trimble, 49 F.3d at 586.

Here, Petitioner seeks dismissal of his state criminal proceeding under the theory of vindictive prosecution, or in the alternative, a court order preventing the Kern County Superior Court from taking further proceedings on the criminal information filed. (ECF No. 1 at 3). As the complaint evinces a clear intention to state a habeas claim, the undersigned recommends converting the § 1983 complaint to a § 2241 habeas petition.[2]

---

[2] "[T]he general grant of habeas authority in § 2241 is available for challenges by a state prisoner who is not in custody pursuant to a state court judgment – for example, a defendant in pre-trial detention or awaiting extradition."

2

To the extent Petitioner seeks a "writ of prohibition," the Court is not aware of any authority, and Petitioner does not provide any authority, under which this Court has jurisdiction to issue a writ of prohibition. Cf. Cal. Code Civ. Proc. §§ 1102 *et seq.* (providing for issuance of writ of prohibition in California state courts). To the extent Petitioner seeks a writ of mandamus, the "federal courts are without power to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties . . . ." Clark v. Washington, 366 F.2d 678, 681 (9th Cir. 1966). See also Davis v. Lansing, 851 F.2d 72, 74 (2d Cir. 1988) ("The federal courts have no general power to compel action by state officials . . . .").

**B. Preliminary Review**

Rule 4 of the Rules Governing Section 2254 Cases[3] requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

1. Abstention

In Younger v. Harris, 401 U.S. 37 (1971), the Supreme Court held that when there is a pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution absent special or extraordinary circumstances. 401 U.S. at 45. Extraordinary circumstances include "cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction," or situations "where irreparable injury can be shown." Brown v. Ahern, 676 F.3d 899, 903 (9th Cir. 2012) (internal quotation marks omitted) (quoting Carden v. Montana, 626 F.2d 82, 84 (9th Cir. 1980)).

Here, Petitioner seeks dismissal of his state criminal proceeding under the theory of vindictive prosecution, or in the alternative, a court order preventing the Kern County Superior Court from taking further proceedings on the criminal information filed. (ECF No. 1 at 3). Although Petitioner asserts that he is being subject to a vindictive prosecution, Petitioner has not

---

Dominguez v. Kernan, 906 F.3d 1127, 1135 (9th Cir. 2018) (internal quotation marks omitted) (quoting White v. Lambert, 370 F.3d 1002, 1006 (9th Cir. 2004)).

[3] The Rules Governing Section 2254 Cases apply to § 2241 habeas petitions. See Rule 1(b) of the Rules Governing Section 2254 Cases ("The district court may apply any or all of these rules to a habeas corpus petition not covered by" 28 U.S.C. § 2254.).

made any showing of extraordinary circumstances that would render abstention inappropriate, such as proven harassment or that Petitioner's prosecution was undertaken by state officials in bad faith without hope of obtaining a valid conviction. Rather, Petitioner merely provides copies of a supplemental brief regarding consolidation filed in Petitioner's pending state criminal proceeding and a transcript of a hearing on various motions regarding which defendants and counts should be tried together. (ECF No. 4 at 11–36). To the extent Petitioner argues that his speedy trial right has been violated, "the rule of this circuit is that abstention principles generally require a federal district court to abstain from exercising jurisdiction over a habeas petition in which the petitioner raises a claim under the Speedy Trial Clause as an affirmative defense to state prosecution." Brown, 676 F.3d at 903.

As the instant federal habeas petition challenges Petitioner's ongoing criminal proceeding in state court, the Court should abstain from interfering with the state judicial process pursuant to Younger, and dismissal is warranted on this ground.

2. Exhaustion

"As a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012) (citations omitted). The exhaustion requirement is subject to waiver in § 2241 proceedings if pursuing available remedies would be futile. Id.

> Where a petitioner seeks pre-conviction habeas relief, this exhaustion prerequisite serves two purposes: (1) to avoid isolating state courts from federal constitutional issues by assuring those courts an ample opportunity to consider constitutional claims; and (2) to prevent federal interference with state adjudication, especially state criminal trials. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973). The Court in Braden reaffirmed the established rule that federal adjudication of an affirmative defense prior to a state criminal trial violated the second of these two purposes and was thus prohibited by principles of comity unless the petitioner could show that "special circumstances" warranted federal intervention. *Id.* at 489, 93 S.Ct. at 1126.

Carden v. Montana, 626 F.2d 82, 83 (9th Cir. 1980) (footnote omitted).

The exhaustion requirement is satisfied by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v.

Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971). If Petitioner has not sought relief in the California Supreme Court for the claims that he raises in the instant petition, the Court will not proceed to the merits of those claims unless special circumstances warrant federal intervention.

Here, it appears that Petitioner has not presented any claims to the California Supreme Court. (ECF No. 1 at 2). In the order to show cause, the Court directed Petitioner to "inform the Court whether his claims have been presented to the California Supreme Court, and if possible, provide the Court with a copy of the petition filed in the California Supreme Court that includes the claims now presented and a file stamp showing that the petition was indeed filed in the California Supreme Court." (ECF No. 3 at 4). However, in his response to the order to show cause, Petitioner neither alleges nor provides evidence demonstrating that the claims before this Court have been presented to the California Supreme Court. Instead, Petitioner has provided copies of a supplemental brief regarding consolidation filed in Petitioner's pending state criminal proceeding and a transcript of a hearing on various motions regarding which defendants and counts should be tried together. (ECF No. 3 at 11–36). Accordingly, Petitioner has failed to exhaust state judicial remedies, and dismissal is warranted on this ground.

## III.

## RECOMMENDATION

Based on the foregoing, the undersigned HEREBY RECOMMENDS that:

1. The § 1983 complaint be CONVERTED to a § 2241 petition for writ of habeas corpus; and
2. The petition for writ of habeas corpus be DISMISSED WITHOUT PREJUDICE based on Younger v. Harris, 401 U.S. 37 (1971), and for failure to exhaust state judicial remedies.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file

written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **September 23, 2020**           /s/ Erica P. Grosjean
                                         UNITED STATES MAGISTRATE JUDGE