UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS LEVELT CASTEEL,<br><br>              Plaintiff,<br><br>      v.<br><br>ESTHER VON SLUEPTH, et al.,<br><br>              Defendants. | No. 1:20-cv-00781-DAD-EPG<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION, CONVERTING § 1983 COMPLAINT TO A § 2241 PETITION FOR WRIT OF HABEAS CORPUS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DENYING AS MOOT PETITIONER'S MOTION TO PROCEED *IN FORMA PAUPERIS*, AND DIRECTING THE CLERK OF COURT TO CLOSE CASE<br><br>(Doc. Nos. 2, 5) |

Plaintiff Carlos Levelt Casteel is a pre-trial detainee proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Plaintiff filed this action on June 4, 2020 seeking dismissal of his ongoing state criminal proceeding or, in the alternative, a writ of prohibition to prevent the Kern County Superior Court from conducting any further criminal proceedings against him based on plaintiff's allegations of vindictive prosecution. (Doc. No. 1.) On August 20, 2020, the assigned magistrate judge determined plaintiff's action evinced a clear intent to bring a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and issued an order to show cause directing plaintiff to explain why the court should not dismiss the petition due to his failure to first exhaust his claims by presenting

1

1  them to the California Supreme Court.  (Doc. No. 3 at 3–4.)  On September 2, 2020, plaintiff's
2  response to the order to show cause was timely docketed.

3  Thereafter, on September 23, 2020, the assigned magistrate judge issued findings and
4  recommendations recommending that plaintiff's § 1983 complaint be converted to a § 2241
5  petition for writ of habeas corpus and that the petition be dismissed without prejudice based on
6  *Younger v. Harris*, 401 U.S. 37 (1971) and due to his failure to exhaust his claims for relief in
7  state court as required.  (Doc. No. 5.)  The findings and recommendation served on petitioner
8  contained notice that any objections were to be filed within thirty (30) days of the date of service
9  of the findings and recommendation.  On October 30, 2020, the court timely received petitioner's
10 objections.  (Doc. No. 6.)

11 In his objections, plaintiff states he will "submit" to the finding that his civil rights
12 complaint be construed as a habeas petition; however, he argues that this petition should not be
13 dismissed by repeating the allegations he has made elsewhere in this action that he is being
14 subjected to vindictive prosecution and that his Speedy Trial rights are being violated in the state
15 court criminal proceedings pending against him.  (*Id*. at 1–2; Doc. No. 1 at 5–23.)  Plaintiff
16 asserts that he has exhausted his state judicial remedies by his oral argument in his motion to
17 dismiss due to Speedy Trial violations, which he states was ignored by the Kern County Superior
18 Court, as well as the prosecution and defense attorneys.  (Doc. No. 6 at 4–5.)

19 The Ninth Circuit has instructed that a district court should not convert a § 1983 action
20 into a habeas petition unless the prisoner's intentions are clear so as to avoid co-opting a
21 prisoner's sole chance at success on a habeas petition.  *See Trimble v. City of Santa Rosa*, 49 F.3d
22 583, 586 (9th Cir. 1995) (citing *McClesky v. Zant*, 499 U.S. 467 (1991)).  However, this concern
23 is not implicated when the district court converts a § 1983 action to a habeas petition and then
24 dismisses it due to the failure to exhaust the claims for relief in state court, because a dismissal on
25 these grounds does not render later filed habeas petitions second or successive.  *Trimble*, 49 F.3d
26 at 586.  Here, the court makes explicitly clear that this case's dismissal is due entirely to
27 plaintiff's failure to first exhaust his claims in state court as required.
28 /////

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including plaintiff's objections, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly:

1. The findings and recommendation issued on September 23, 2020 (Doc. No. 5) are adopted;
2. Plaintiff's § 1983 complaint is converted to a § 2241 petition for writ of habeas corpus;
3. The petition for writ of habeas corpus is dismissed without prejudice due to plaintiff's failure to exhaust his claims in state court;
4. In light of the dismissal, petitioner's motion to proceed *in forma pauperis* (Doc. No. 2) is denied as having been rendered moot; and
5. The Clerk of the Court is directed to close the case.

IT IS SO ORDERED.

Dated: __**July 19, 2021**__                               _Dale A. Drozd_
                                                          UNITED STATES DISTRICT JUDGE

3